JACK E. HANNAY, SR., Plaintiff-Appellee, v. JIM EDGAR, Secretary of State, Defendant-Appellant.

First District (3rd Division)   No. 87—645

Opinion filed October 5, 1988.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Karen S. Rosenwinkel, Assistant Attorney General, of counsel), for appellant.

John R. Rafferty, of Chicago, for appellee.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Jack E. Hannay, Sr., sought administrative review of a decision of defendant, the Secretary of State, denying his petition for reinstatement of driving privileges. The trial court reinstated plaintiff's driving privileges, and defendant appeals, contending that his decision was not contrary to the manifest weight of the evidence.

On May 10, 1974, and on December 27, 1974, plaintiff was arrested for driving under the influence of alcohol (DUI). In May 1976, plaintiff's driver's license was revoked as a result of convictions for these two offenses.

In January 1980, plaintiff was convicted of driving with a revoked license. The revocation of his license was extended to January 1981.

In 1982, plaintiff's request to have his driving privileges reinstated was denied.

A March 23, 1982, evaluation by an alcohol and drug counselor stated that plaintiff was not drinking at all. The report found that it was not clear whether plaintiff suffered from an alcohol problem.

In September 1983, plaintiff was convicted of driving with a re-

voked license for the second time. The revocation was extended until September 1984.

In 1985, plaintiff was convicted twice more for driving while his license was revoked. Revocation was extended until July 1986.

In December 1985, plaintiff was arrested for a fifth time for the offense of driving with a revoked license. He was placed under court supervision.

Plaintiff thereafter again sought reinstatement of his driving privileges or a restricted driving permit. On August 22, 1986, a hearing was held, and the 48-year-old plaintiff testified regarding his history of alcohol use. From 1959 to the time of the 1974 offenses, plaintiff drank a six-pack of beer each Saturday and Sunday. Prior to each of the two DUI arrests, he had been drunk. He then stopped drinking for about six months. At the time of the hearing, plaintiff again was drinking six beers on Saturday and six on Sunday.

Plaintiff testified that his wife drove him to and from work 90% of the time. Since his 1974 arrests, he had no alcohol-related problems. While he admitted being arrested for driving with a revoked license, plaintiff stated that he only drove to work and did not drive for personal pleasure.

A June 23, 1986, alcohol and drug evaluation report by the Central States Institute stated that plaintiff was classified in "Level I, Non-Problematic Use of Alcohol." It concluded that plaintiff had some problematic drinking in his past history and had occasionally abused alcohol, but that he was not dependent. There was no reported alcohol abuse in his current history, and his wife, who was interviewed, supported this conclusion. The report also recited that plaintiff appeared to be open and honest because he admitted to drinking on some weekends, consuming up to six beers. The report also noted that there had never been a diagnosis of plaintiff being alcohol dependent and that there was no clear evidence of any current problematic alcohol use. The report stated further, however, that plaintiff had noticed some increased tolerance over the years and had experienced a few blackouts in the past.

The hearing officer concluded that the evidence established that plaintiff had abused alcohol in the past, causing specific identifiable problems; that he failed to meet his burden of proving that his alcohol problem had been resolved; that he provided no evidence to demonstrate that he had changed his drinking pattern significantly; that it was likely that he would repeat the offense; and that he failed to carry his burden of proving that he would not endanger the public safety and welfare. The hearing officer recommended the denial of

plaintiff's request for full reinstatement of driving privileges or the issuance of a restricted driving permit.

Defendant adopted the findings and conclusions of the hearing officer. Plaintiff sought administrative review.

■ The public interest in curbing the epidemic number of deaths and injuries attributable to drunk driving by keeping unsafe drivers off the streets outweighs the interests of convicted drunk drivers in regaining their drivers' licenses. (See *Sutton v. Edgar* (1986), 147 Ill. App. 3d 723, 498 N.E.2d 295; *Agans v. Edgar* (1986), 142 Ill. App. 3d 1087, 492 N.E.2d 929.) Once driving privileges have been revoked, restoration is not automatic under the Illinois Vehicle Code. (Ill. Rev. Stat. 1985, ch. 95½, par. 6—208(b)(2).) The State must determine whether granting the privilege of driving a motor vehicle on the highways will not endanger the public safety or welfare. (*Murdy v. Edgar* (1984), 103 Ill. 2d 384, 469 N.E.2d 1085.) Plaintiff bears the burden of establishing entitlement to restoration of his driving privileges by clear and convincing evidence. *Sutton v. Edgar*, 147 Ill. App. 3d 723, 498 N.E.2d 295.

■ Findings and conclusions of an administrative agency on questions of fact are considered to be *prima facie* true and correct. (Ill. Rev. Stat. 1985, ch. 110, par. 3—110.) The courts may not interfere with the discretionary authority vested in administrative bodies unless that authority is exercised in an arbitrary or capricious manner or the administrative decision is against the manifest weight of the evidence. (*Murdy v. Edgar*, 103 Ill. 2d 384, 469 N.E.2d 1085.) In order to find the State's decision against the manifest weight of the evidence, a reviewing court must find that an opposite conclusion is clearly evident from the evidence presented. *Agans v. Edgar*, 142 Ill. App. 3d 1087, 492 N.E.2d 929.

■ Factors which the State may consider in deciding whether to reinstate an applicant's driving privileges include: the applicant's age; whether the applicant has driven while his license is suspended or revoked; duration of present employment; number of years licensed to drive; number, severity and frequency of accidents; frequency, type and severity of traffic violations; efforts at rehabilitation or reform of past driving practices; demeanor of applicant's total driving record, including but not limited to reasons for violations; prior driving records while on RDP (restricted driving permit); driving history in another State if licensed previously; and any other relevant evidence in the hearing. 92 Ill. Adm. Code 1001.430(b) (1985).

■ Defendant was entitled to consider that the frequency of plaintiff's violations was severe. In 1974, plaintiff was arrested twice

in seven months while driving under the influence of alcohol. Moreover, in regard to the reasons for the violations, plaintiff simply testified that he was drunk. He drank liquor for several hours and could not remember how much he had to drink.

Defendant could also properly consider that plaintiff disregarded the law repeatedly by driving with a revoked license. While there is no evidence as to how frequently plaintiff chose to drive without a valid license, he was arrested five times in five years for this offense, resulting in four convictions and one disposition of supervision. Plaintiff's argument that he was driving to work on these occasions, "never drove for personal pleasure and never drove while he had alcohol on his breath," does not require a contrary finding.

Defendant could also rely on plaintiff's testimony that his present drinking habits were exactly the same as his habits before the 1974 DUI arrests. Plaintiff testified that during both periods he drank about five or six cans of beer each day on the weekend. While plaintiff asserts that he no longer drove after drinking, we find this assertion carries little weight since plaintiff should not have been driving at all under his revoked license.

Plaintiff's credibility suffered further by, e.g., his report to a counselor in 1982 that he was not drinking, while he testified at the hearing that he was drinking every weekend. Moreover, while testifying that his wife drove him to and from work, he justifies his five arrests for driving without a license on the basis that he was driving himself to work.

Furthermore, while the 1986 report classified him at level I, defendant was also entitled to consider the 1982 report, which found it could not be determined whether or not a drinking problem existed. In addition, the 1986 report was based largely on the statements of plaintiff and his wife, and defendant was not required to find those statements credible. Finally, defendant could also consider that the report points out plaintiff's history of an increased tolerance of alcohol and of his blackouts.

Plaintiff argues that "[t]his case cries out for justice" because of the length of time since plaintiff's license was revoked. We note, however, that following the 1974 arrests and 1976 license revocation, plaintiff apparently did not seek reinstatement until 1982. Significantly, in 1980, 1981, 1982, and twice in 1985, plaintiff was arrested for violating the Illinois Vehicle Code. The length of time at issue here, therefore, is deceptive. Plaintiff's own conduct, represented by these repeated offenses and disregard for the law, stretched a typically brief process into a situation requiring frequent intervention by

the State. Thus, we do not find the length of time involved to be dispositive of any issue here.

The trial court erred in substituting its judgment for that of the Secretary of State and the hearing officer on the issue of credibility. We find the decision of the State not to grant plaintiff restoration of his driving privileges was sufficiently supported by the evidence.

Accordingly, the judgment of the circuit court of Cook County is reversed.

Judgment reversed.

WHITE, P.J., and FREEMAN, J., concur.